# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-1001V
## Filed: November 19, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DINNIA STEHLE, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza; |
| | * | Shoulder Injury ("SIRVA"); |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Douglass Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 10, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a shoulder injury cause-in-fact by her October 15, 2014 influenza vaccination..  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 18, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent "has concluded that petitioner suffered a non-Table injury of SIRVA [i.e. a Shoulder Injury Related to Vaccine Administration] and that preponderance of the medical evidence indicates that the injury was causally related to

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the flu vaccination she received on [October 15, 2014[3]]." *Id.* at 3. Respondent further agrees that no other cause of petitioner's injury has been identified, that petitioner's injury persisted for more than six months, and that petition has satisfied all legal prerequisites for compensation under the act. *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] The language quoted here actually states incorrectly that the implicated vaccination was administered on October 1, 2012. However, this is clearly an inadvertent error. Respondent's report identifies the implicated vaccine as having been administered on October 15, 2014, in numerous other statements within her report, including her factual summary and conclusion. *See* Respondent's Rule 4(c) Report at 1, 2, 4. She also specifically indicated that petitioner's injury persisted for six months as of April 15, 2015. *Id*. at 3, fn. 2.